COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER OF ABATEMENT

Appellate case name:     Jose Luis Ponce v. The State of Texas

Appellate case number:   01-18-00224-CR

Trial court case number: 14-DCR-067408

Trial court:             400th District Court of Fort Bend County

The complete record was filed in the above-referenced appeals on June 27, 2018, making appellant's brief due on July 30, 2018. *See* TEX. R. APP. P. 38.6(a). On August 22, 2018, the Clerk of this Court notified appellant's appointed counsel, Zachary Maloney, that a brief had not been timely filed and that if this Court did not receive his brief or a motion for extension of time within ten days of that notice, it would abate the appeal and direct the trial court to conduct a hearing in accordance Texas Rule of Appellate Procedure 38.8(b)(2). Appellant's counsel failed to respond and has not filed a brief on appellant's behalf.

We abate the appeal and remand the cause to the trial court to conduct a hearing at which a representative of the Fort Bend District Attorney's Office and appellant's appointed counsel, Zachary Maloney, shall be present. At the trial court's discretion, appellant may be present for the hearing in person or, if incarcerated, he may participate in the hearing by closed-circuit video teleconferencing.

We direct the trial court to:

1) determine whether appellant still wishes to pursue this appeal;
2) if appellant wishes to pursue this appeal, determine whether good cause exists to relieve Zachary Maloney of his duties as appellant's counsel;
    a. if good cause exists to remove counsel, the trial court shall enter a written order relieving Zachary Maloney of his duties as appellant's counsel, including in the order the basis for finding good cause for his removal, and appoint substitute appellate counsel, at no expense to appellant;
    b. if good cause does not exist to remove counsel, the trial court shall provide a final deadline by which Zachary Maloney must file appellant's brief, which shall be no more than **30 days** from the date of the hearing;
3) enter written findings of fact, conclusions of law, and recommendations as to these

issues, separate and apart from any docket sheet notations; and

4) make any other findings and recommendations the trial court deems appropriate.

*See* TEX. CODE CRIM. PROC. art. 1.051(a), (c), (d)(1), 26.04(j)(2); TEX. R. APP. P. 38.8(b).

The court coordinator of the trial court shall set a hearing date no later than **30 days** from the date of this order and notify the parties and the Clerk of this Court of such date. The trial court clerk is directed to file a supplemental clerk's record containing the trial court's findings and recommendations with this Court within **30 days** of the date of the hearing. The court reporter is directed to file the reporter's record of the hearing within **30 days** of the date of the hearing.

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when the supplemental clerk's record and the reporter's record of the hearing are filed in this Court.

It is so ORDERED.

Judge's signature: ___/s/ Sarah B. Landau_____
                                        Acting individually

Date: __March 28, 2019__